Submitted March 10, affirmed April 19, petition for review denied
September 14, 2023 (371 Or 333)

ADAM RAY AARON,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV33914; A175457

528 P3d 1215

Petitioner seeks post-conviction relief from various drug convictions on the ground that his trial counsel performed deficiently, in violation of his rights under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, in three respects: (1) by failing to move to suppress evidence obtained in a warranted search of his home on the ground that the probable cause determination supporting the warrant was based on evidence obtained in a warrantless search of his garbage that was unconstitutional, *State v. Lien*, 364 Or 750, 441 P3d 185 (2019); (2) by failing to object to the trial court's instruction to the jury that it could convict by a nonunanimous verdict—an instruction that is contrary to the right to a unanimous jury under the Sixth and Fourteenth Amendments, *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020); and (3) by failing to request a jury poll so as to enable petitioner to demonstrate prejudice, in the event Oregon's longstanding practice of allowing nonunanimous verdicts was later deemed unconstitutional. *Held*: With respect to both petitioner's suppression-of-evidence claim and his nonunanimous jury claims, counsel's judgment at the time of trial accorded with longstanding high court precedent and was not deficient.

Affirmed.

Patricia A. Sullivan, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In May 2017, a jury convicted petitioner of three drug offenses: unlawful delivery of heroin; unlawful possession of heroin; and unlawful possession of methamphetamine. In this post-conviction proceeding, petitioner seeks relief from those convictions on the ground that his trial counsel performed deficiently, in violation of his rights under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, in three respects: (1) by failing to move to suppress evidence obtained in a warranted search of his home on the ground that the probable cause determination supporting the warrant was based on evidence obtained in a warrantless search of his garbage that (we now know) was unconstitutional, *State v. Lien*, 364 Or 750, 441 P3d 185 (2019); (2) by failing to object to the trial court's instruction to the jury that it could convict by a nonunanimous verdict, an instruction that (we now know) is contrary to the right to a unanimous jury under the Sixth and Fourteenth Amendments, *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020); and (3) by failing to request a jury poll so as to enable petitioner to demonstrate prejudice, in the event Oregon's longstanding practice of allowing nonunanimous verdicts was later deemed unconstitutional. The post-conviction court denied relief, concluding that counsel's judgment at the time was consistent with the Oregon Supreme Court's longstanding precedent on warrantless searches of garbage and the United State Supreme Court's longstanding precedent holding that Oregon's nonunanimous verdicts were constitutional. We affirm.

We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). At issue in this matter are parallel claims of inadequate assistance of trial counsel under Article I, section 11, and ineffective assistance of trial counsel under the Sixth Amendment to the United States Constitution. To establish that his trial counsel rendered inadequate assistance for purposes of Article I, section 11, petitioner was required to prove two elements: (1) a performance element—that trial counsel "failed to exercise reasonable professional skill and

judgment"; and (2) a prejudice element—that "petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment. *Id*. To prevail on that claim, petitioner was required to demonstrate that "trial counsel's performance 'fell below an objective standard of reasonableness'" and also that "there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 700 (quoting *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984)).

          In this instance, petitioner's claims that counsel performed unreasonably (1) by not moving to suppress; (2) by not challenging the nonunanimous jury instruction; and (3) by not requesting a jury poll, all fail for the same reason at the same stage of analysis. In each instance, counsel's judgment accorded with longstanding high court precedent. It ordinarily is reasonable for a lawyer to make judgments that accord with controlling high court precedent at the time those judgments are made; lawyers generally are not required to anticipate that a high court will completely change the law's direction. *Miller v. Lampert*, 340 Or 1, 16, 125 P3d 1260 (2006) ("Counsel was not required to anticipate that two years later the United States Supreme Court would reverse course in *Apprendi* [*v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000)], interpret the Sixth Amendment and Due Process Clauses as the dissent had urged in *Almendarez-Torres* [*v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998)], and read its decision in *Almendarez-Torres* as establishing only a narrow exception to the new rule announced in *Apprendi*."). We recognize that there may be instances in which the circumstances are such that a lawyer exercising reasonable professional skill and judgment may be expected to anticipate an imminent departure from *stare decisis*—for example, after a high court has allowed review to address the question of whether to overrule precedent. *See Ramos*, 590 US at ___, 140 S Ct at 1420 (Kavanaugh, J., concurring) ("[A]s to ineffective-assistance-of-counsel claims, an attorney presumably would

not have been deficient for failing to raise a constitutional jury-unanimity argument before today's decision—or at the very least, before the Court granted certiorari in this case."). In this case, however, no such circumstances are present.

Turning to the specifics, with respect to the search of petitioner's garbage, petitioner's trial counsel explained that she did not move to suppress because it was "[m]y understanding at that time [] that a trash pull was a legal method of gathering evidence." That judgment was reasonable. At the time of petitioner's trial, it had been clear for 10 years that a person did not have an Article I, section 9, privacy interest in garbage turned over to a sanitation company without restrictions on the company's use of the garbage.[1] *State v. Howard/Dawson*, 342 Or 635, 641, 157 P3d 1189 (2007), *overruled in part by State v. Lien*, 364 Or 750, 441 P3d 185 (2019). Just a few months before petitioner's trial, we reiterated that rule in our own decision in *State v. Lien*, 283 Or App 334, 343, 387 P3d 489 (2017) (*Lien I*), *rev'd*, 364 Or 750, 441 P3d 185 (2019) (*Lien II*). In view of that case law, counsel's judgment was sound.

That the Supreme Court allowed review of our decision in *Lien I* and overruled *Howard/Dawson*, *Lien II*, 364 Or at 781, does not persuade us otherwise. The arc of analysis by the Supreme Court in *Lien II* is not one that reasonably could have been foreseen in May 2017. Justice Kistler's dissenting opinion highlights the unpredictability of the path taken by the majority opinion:

"On the question of defendants' privacy interests in their curbside garbage, the majority travels from Portland to Salem by way of Maine. Largely absent from that analysis are this court's two prior cases on privacy interests in garbage, *Howard/Dawson* and [*State v.*] *Purvis*, [249 Or 404, 438 P2d 1002 (1968)], and the concept of abandoned property, upon which both turned. Instead, the majority focuses on a right to privacy derived from the cluster of torts that are often referred to as invasion of privacy. But that conception of privacy is inapposite to that protected by Article I, section 9."

---

[1] Petitioner has never suggested that his service contract with his garbage company placed restrictions on the company's disposition of his garbage once collected.

*Lien II*, 364 Or at 783 (Kistler, J., dissenting) (internal citation omitted). Neither Article I, section 11, nor the Sixth and Fourteen Amendments, required counsel to predict that change of course.

As for petitioner's claims regarding counsel's handling of the nonunanimous jury issue, they are foreclosed by our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). In that case, we rejected a claim of inadequate and ineffective assistance of counsel based on counsel's failure to foresee the United States Supreme Court's overruling of *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), in *Ramos*, and to act accordingly. *Smith*, 318 Or at 569-70. Although the *Smith* petitioner's criminal trial took place in 2015 and petitioner's case was tried in 2017, nothing at the time of petitioner's trial would have put trial counsel on notice that the Supreme Court would abandon *Apodaca*. All signs pointed to the contrary—the Supreme Court was denying *certiorari* in cases asking it to take up the issue, with not a single justice dissenting. *Ramos*, 590 US at ___, 140 S Ct at 1428 n 101 (Alito, J., dissenting) (listing cases in which the United States Supreme Court declined invitations to overrule *Apodaca*, including cases in 2013, 2014, 2017, and 2018)). Under those circumstances, which indicated that *Apodaca* would remain the law for the foreseeable future, trial counsel's decision not to challenge Oregon's nonunanimous jury instruction, or to request a jury poll for the purpose of demonstrating prejudice in the event *Apodaca* was overruled, demonstrated reasonable professional skill and judgment.[2]

Affirmed.

---

[2] Although we have concluded that petitioner's counsel performed in accordance with constitutional standards, we acknowledge that, as a result of the timing of his criminal case, petitioner did not receive the benefit of two substantial changes in law that may have had the potential to affect the course of his case.