***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition and supplememtsl
*pro se* petition for review denied February 15, 2024 (372 Or 63)

HIEU DOAN TRUONG,
*Petitioner-Appellant*,

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
14C12534; A175748

Patricia A. Sullivan, Senior Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant. Hieu Doan Truong filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals from a judgment denying post-conviction relief (PCR), challenging his 2008 convictions for various drug and firearms offenses and assault in the fourth degree. He raises four assignments of error and one *pro se* supplemental assignment of error alleging that trial counsel was inadequate under the Oregon Constitution and United States Constitution. We affirm.

"To be entitled to post-conviction relief based on inadequate assistance of counsel, a petitioner must show that counsel failed to exercise reasonable professional skill and judgment" and "that counsel's failure had a tendency to affect the result of his trial." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) (internal quotation marks omitted). "[T]he tendency to affect the outcome standard demands more than mere possibility, but less than probability." *Green v. Franke*, 357 Or 301, 322, 350 P3d 188 (2015).

In his first and second assignments of error, petitioner argues that his trial counsel was ineffective for failing to object to testimony by a police officer that improperly mentioned petitioner's exercise of his constitutional rights to remain silent and to counsel. As we will explain, we agree with the PCR court that, although an objection might have been successful, petitioner did not meet his burden to prove prejudice.

Petitioner contends that trial counsel should have objected to testimony that referenced that he was subject to an arrest warrant, that he denied police consent to search the car he was driving, and that he invoked his right to remain silent and to the assistance of counsel. According to petitioner, the trial was a credibility contest as to whether he intended to deliver the drugs or keep them for personal use, and the jury's knowledge of his arrest warrant and initial invocation damaged the credibility of his later statement to police that the drugs were only for personal use. The state does not agree that the case amounted to a credibility contest given the volume of evidence which included large amounts of cocaine, small Ziploc bags, and a firearm. As to the challenged testimony, the state contends that the jury

knew that petitioner had a prior conviction and therefore would not have been affected by learning of an arrest warrant. The state further argues that the fact that petitioner spoke with officers shortly after invoking his rights mitigated the impact of the jury learning of the invocation.

Having reviewed the record, we agree with the state. The reference to petitioner's temporary invocation was brief, and the prosecutor did not later emphasize it in argument. In light of the evidence against petitioner—the quantity of drugs and his possession of numerous small Ziploc bags—the challenged statements did not damage petitioner's credibility in a way that gives rise to more than a mere possibility that the jury would have believed that petitioner (who did not testify) did not intend to deliver the drugs. *See Jaynes v. Cain*, 319 Or App 659, 671, 511 P3d 58 (2022) ("Whether the error had a tendency to affect the factfinder's verdict is determined through an assessment of other evidence pertaining to the issue, considered in light of the issues at trial in their entirety." (Citation omitted.)).

Petitioner's third assignment of error challenges the PCR court's denial of his claim that trial counsel rendered inadequate and ineffective assistance by not objecting to the nonunanimous jury instruction. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony). That argument is foreclosed by our holding in *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), that trial counsel did not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated. *See also Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decisions not to challenge the nonunanimous jury instruction and not to request a jury poll were reasonable).

In his fourth assignment of error, petitioner argues that his trial counsel was ineffective for failing to obtain an interpreter for an eyewitness to the assault. We reject that contention, because there was no indication before trial that an interpreter would be needed for that witness, and

petitioner did not demonstrate that his trial counsel failed to exercise reasonable professional skill and judgment by not requesting one once the witness began testifying.

Petitioner raises three additional arguments in his supplemental *pro se* assignment of error. We reject petitioner's first argument, that trial counsel was deficient for failing to request a stipulation that petitioner had a prior felony conviction, because petitioner has not established that he was prejudiced by any alleged deficiency. We reject petitioner's second argument, that trial counsel was deficient for failing to object based on *State v. Wille*, 317 Or 487, 858 P2d 128 (1993), because petitioner did not demonstrate that such an objection would have succeeded. We reject petitioner's third argument, which concerns comments allegedly made by the bailiff to jurors, because we are bound by the PCR court's dispositive factual and credibility findings. *Green*, 357 Or at 312 ("A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them.").

Affirmed.