***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied
January 12, 2024 (371 Or 825)

KEITH JOHN STEWART,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
*Superintendent,*
Snake River Correctional Institution,
Defendant-Respondent.

Malheur County Circuit Court
20CV03693; A177915

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his 2016 conviction for first-degree assault. On appeal, we accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Applying that standard of review, we affirm.

In 2016, a jury convicted defendant of first-degree assault. Following the United States Supreme Court's 2020 decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner brought this post-conviction proceeding. He contends that trial counsel was inadequate and ineffective, in violation of his rights under Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, in two respects: (1) by failing to object to the trial court's instruction that the jury could return a nonunanimous verdict and by failing to have the jury polled, and (2) by failing to move for a mistrial after a juror might have seen petitioner in restraints.

Given the timing of his conviction, petitioner's *Ramos*-based claims fail under our case law. *Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (trial counsel was not inadequate or ineffective in 2017 for failing to foresee *Ramos*); *Smith v. Kelly*, 318 Or App 567, 569-70, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (trial counsel was not inadequate or ineffective in 2015 for failing to foresee *Ramos*).

As for petitioner's mistrial claim, the post-conviction court denied relief after crediting counsel's explanation of the advice she provided to petitioner, and petitioner's ensuing decision not to move for a mistrial; the court rejected petitioner's version of events, to the extent that it conflicted with counsel's. Based on those factual findings, the post-conviction court concluded that trial counsel's handling of the potential mistrial motion was reasonable and comported with constitutional standards. *See Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (stating standard for ineffective assistance of counsel claim under the Sixth Amendment). The post-conviction court's factual

findings about counsel's handling of the potential mistrial motion are supported by the record and bind us on appeal. *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) (stating standard governing claim of inadequate assistance of counsel under Article I, section 11); *Green*, 357 Or at 312. Those facts demonstrate that counsel exercised reasonable professional skill and judgment in her advice to petitioner regarding the potential mistrial motion. Petitioner's claim that counsel's performance fell below state and federal constitutional standards therefore fails.

Affirmed.