***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied
February 15, 2024 (372 Or 63)

MARLIN B. POHLMAN,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Multnomah County Circuit Court
20CV19051; A177439

Patricia A. Sullivan, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from four convictions entered in 2013. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, see *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

In 2013, petitioner waived his right to a jury trial and was convicted of four offenses pursuant to a plea deal. Following the United States Supreme Court's 2020 decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner brought this post-conviction proceeding. He seeks relief from his 2013 convictions on the ground that his criminal trial counsel rendered constitutionally inadequate and ineffective assistance of counsel, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, by not advising him that Oregon's nonunanimous jury rule "was likely to be found unconstitutional."

That contention fails under our case law. The advice that petitioner asserts that counsel should have delivered would have conflicted with controlling United States Supreme Court precedent at the time. As we have held, "[i]t ordinarily is reasonable for a lawyer to make judgments that accord with controlling high court precedent at the time those judgments are made; lawyers generally are not required to anticipate that a high court will completely change the law's direction." *Aaron v. Kelly*, 325 Or App 262, 264, 528 P3d 1215 (2023). Given the timing of petitioner's convictions, that general rule applies to petitioner's *Ramos*-based claim and forecloses a grant of relief. *Id.* at 266 (trial counsel was not inadequate or ineffective in 2017 for failing to foresee *Ramos*); *Smith v. Kelly*, 318 Or App 567, 569-70, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (trial counsel was not inadequate or ineffective in 2015 for failing to foresee *Ramos*).

Affirmed.