***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied February 15, 2024 (372 Or 63)

ANGELO JOSEPH DINOCENZO II,
*Petitioner-Appellant,*

*v.*

Randy GILBERTSON,
Superintendent,
Deer Ridge Corrections Institution,
*Defendant-Respondent.*

Jefferson County Circuit Court
20CV25260; A176996

Claudia M. Burton, Senior Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals the grant of summary judgment denying his petition for post-conviction relief (PCR) of his 2015 convictions after a jury trial for two counts of assault and one count of unlawful use of a weapon. Petitioner filed for relief following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), holding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous guilty verdict to convict someone of a felony. We affirm.

On appeal, petitioner raises two assignments of error. He first contends that his trial counsel, in 2015, rendered inadequate and ineffective assistance of counsel, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting to the nonunanimous jury instruction and not requesting that the jury be polled. That claim is foreclosed. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated); *Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was reasonable).

Petitioner next contends that his convictions were obtained in violation of the state and federal constitutions because they were based on nonunanimous jury verdicts. The jury in petitioner's criminal trial was polled, but the transcript does not reflect the result of that poll. The transcript indicates only that the trial court did not ask for a show of hands as to the assault charges (Counts 2 and 3) but did ask for a show of hands as to the unlawful use of weapon charge (Count 4), which implies that the verdicts on the assault charges were unanimous but that the verdict on the unlawful use of a weapon charge was not. Before the PCR court, however, petitioner testified that he recalled that the verdicts as to the assault charges were nonunanimous and that the verdict as to the unlawful use of a weapon charge

was unanimous. Because petitioner's testimony was inconsistent with the record, the PCR court concluded that he did not meet his burden of proof to demonstrate that the verdicts were nonunanimous. As a result, petitioner cannot obtain relief in this proceeding. *See Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.").

Affirmed.