***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023,
petition for review denied March 7, 2024 (372 Or 107)

DIXIE LEA DASHER,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
20CV19279; A177450

Patricia A. Sullivan, Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying her petition for post-conviction relief from her 2019 convictions, following a bench trial, for second-degree assault, failure to perform the duties of a driver to injured persons, and unauthorized use of a motor vehicle. On appeal, we accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Applying that standard of review, we affirm.

Petitioner's convictions arose from an incident in which she intervened in an argument between the victim and a woman; petitioner believed the victim was beating the woman. Ultimately, petitioner drove her car at the victim, striking him. Petitioner's case went to trial in the summer of 2019; petitioner waived her right to a jury trial and was tried by the court, which found petitioner guilty of the offenses listed above, and acquitted her on two other charges. Petitioner then initiated this post-conviction proceeding.

Pertinent to the issues on appeal, petitioner alleges that trial counsel rendered inadequate and ineffective assistance of counsel, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth Amendment to the United States Constitution, in two respects. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel claims under the state and federal constitutions). First, with respect to the assault charge, petitioner asserts that trial counsel was inadequate and ineffective for raising self-defense, along with a defense that there was insufficient evidence of the requisite culpable mental state. Second, she asserts that trial counsel was inadequate for not advising her that a jury might be required to reach a unanimous verdict before she waived her right to a jury trial, given that at the time of her waiver, the Supreme Court had granted the petition for *certiorari* in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), to consider whether to overrule *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

We affirm the denial of relief on petitioner's first claim because the post-conviction court found that trial counsel's approach accorded with petitioner's wishes, even though counsel had advised otherwise. As we have held, it is reasonable for counsel to carry out a client's tactical decisions. *Nichols v. Persson*, 304 Or App 548, 566, 468 P3d 952 (2020), *rev den*, 368 Or 511 (2021).

As for petitioner's second claim, given the timing of petitioner's criminal case, we assume without deciding that counsel performed deficiently by not advising petitioner regarding the potential that *Ramos* would change the law regarding jury unanimity. *See Aaron v. Kelly*, 325 Or App 262, 264, 528 P3d 1215 (2023) (recognizing that there may be instances in which "a lawyer exercising reasonable professional skill and judgment may be expected to anticipate an imminent departure from *stare decisis*—for example, after a high court has allowed review to address the question of whether to overrule precedent"). We nevertheless affirm the denial of relief on petitioner's second claim because the post-conviction court's factual findings preclude a conclusion that petitioner was prejudiced by any deficiency in counsel's performance. The post-conviction court found that even if counsel had advised petitioner regarding the possibility that a jury might be required to reach a unanimous verdict should the Supreme Court change course in *Ramos*, petitioner was "not credible that but for Counsel's advice regarding non-unanimous juries, she would have elected to go to trial with a jury." The court also found trial counsel credible "in his assertion that Petitioner wanted a bench trial, and initiated discussion with him on this point." Those findings mean that any deficiency in counsel's advice did not prejudice petitioner, because they preclude the conclusion that different advice would have caused petitioner to make a different decision about whether to waive jury. *See Green*, 357 Or at 323 n 13 (explaining prejudice standard applicable to claim that trial counsel's deficient performance affected a petitioner's decisions).[1]

---

[1] The parties appear to dispute the applicable standard for prejudice on petitioner's jury waiver claim. We read *Green* as identifying the standard that applies in this context.

Although petitioner argues that the post-conviction court's allegedly erroneous assessment of the performance element of his claim affected its credibility determinations such that we should not view them as binding, we are not persuaded by that argument on this record. Accordingly, the post-conviction court properly denied relief on petitioner's *Ramos*-based claim.

Affirmed.