***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied
February 1, 2024 (372 Or 26)

RICHARD W. CONKLIN,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV54742; A177130

J. Burdette Pratt, Senior Judge.

Jason Weber and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals the denial of his request for post-conviction relief from his 2018 convictions after a jury trial for sodomy, sexual abuse, and unlawful sexual penetration. Petitioner raises two assignments of error stemming from the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (concluding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony). He first contends that his trial counsel, in January 2018, rendered inadequate and ineffective assistance of counsel, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting to the nonunanimous jury instruction and not requesting that the jury be polled. That claim is foreclosed. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated); *Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was reasonable).

Petitioner next contends that his convictions were obtained in violation of the state and federal constitutions because they were based on nonunanimous jury verdicts. Because the record is silent on whether the verdicts were actually nonunanimous, petitioner has not met his burden of proof as to those claims. *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.").

Affirmed.