298 November 29, 2023 No. 615

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JESSE JAMES SPRATT,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV12489; A178925

Patricia A. Sullivan, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief from guilty pleas entered in February 2018. He argues that his trial counsel was inadequate and ineffective for failing to advise him that a nonunanimous jury conviction could be challenged on appeal. In support of that proposition, he cites *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires a unanimous jury verdict to convict someone of a felony). The post-conviction court denied relief because it concluded that petitioner's trial counsel was not required to advise in 2018 about the possibility of the United States Supreme Court 2020 decision finding Oregon's nonunanimous jury rule unconstitutional. We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

In 2018, petitioner pled guilty to various charges of first-degree theft, burglary, felon in possession of a firearm, and unauthorized use of a vehicle. Petitioner signed a plea petition waiving his right to a jury trial and was sentenced to 360 months' incarceration. Petitioner then initiated this post-conviction proceeding. He asserts parallel claims of inadequate and ineffective assistance of trial counsel under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner argues that, at the time of his guilty plea in 2018, the law allowing nonunanimous jury convictions stood on "shaky ground," therefore his trial counsel was inadequate and ineffective for not advising him that any jury conviction had to be unanimous. He offered a declaration stating that he would have taken his case to trial if he was advised of an argument regarding nonunanimous jury verdicts.

Petitioner's argument fails under our case law. We have held that the failure to foresee *Ramos* does not constitute inadequate or ineffective assistance of counsel—at least, prior to the Supreme Court's grant of *certiorari* in

*Ramos. Smith v. Kelly*, 318 Or App 567, 569-70, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). That is so because controlling law at the time permitted criminal convictions by nonunanimous juries in state courts. *Id*. at 568. Petitioner's argument that Oregon's nonunanimous jury provision stood on "shaky ground" is unavailing considering that, in 2018, the United States Supreme Court was denying *certiorari* in cases requesting review of nonunanimous jury convictions. *Ramos*, 590 US at ___, 140 S Ct at 1428 n 10 (Alito, J., dissenting); *Martin v. Kelly*, 328 Or App 98, 100 n 1, 537 P3d 200 (2023) (rejecting claim that trial counsel was inadequate and ineffective in 2018 for not advising the petitioner, in connection with a plea, that the Supreme Court might overrule past precedent allowing for nonunanimous jury verdicts in state criminal cases).[1]

Affirmed.

---

[1] We have acknowledged "that there may be instances in which the circumstances are such that a lawyer exercising reasonable professional skill and judgment may be expected to anticipate an imminent departure from *stare decisis*—for example, after a high court has allowed review to consider the question of whether to overrule precedent." *Aaron v. Kelly*, 325 Or App 262, 264, 528 P3d 1215 (2023). Given the timing of petitioner's criminal case, no such circumstances are present here.