304 November 29, 2023 No. 617

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ALCIBIADES ALVAREZ BIRRUETE,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV15922; A179453

Patricia A. Sullivan, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions on three counts of first-degree sodomy; the convictions were entered in 2016. On appeal, we review the post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

Petitioner waived his right to a jury trial in 2016 and proceeded to a bench trial, where the trial court found him guilty of the three charges. In 2021, after the United States Supreme Court's 2020 decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner filed this post-conviction proceeding. He seeks relief from his 2016 convictions on the ground that his criminal trial counsel rendered constitutionally inadequate and ineffective assistance of counsel, in violation of Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner alleges that his trial counsel performed deficiently by not advising him that Oregon's nonunanimous jury rule was likely to "be declared unconstitutional in the future." Had he known that was the case, petitioner continues, he would have proceeded to a jury trial despite his reservations. Petitioner's argument is foreclosed by our recent case law on that issue. *Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (trial counsel not inadequate or ineffective in 2017 for failing to foresee *Ramos*); *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (trial counsel not inadequate or ineffective in 2015 for failing to foresee *Ramos*).

Alternatively, petitioner seeks reversal on the basis that his jury trial waiver was not knowing, intelligent, and voluntary because he was not told that he had the right to a unanimous jury verdict. Petitioner did not preserve that argument, because he did not raise it in the post-conviction court. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). But even assuming that the

alleged error was preserved, we reject it under *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), which held that the petitioner's pre-*Ramos* waiver of right to a jury trial was knowing and intelligent, because the petitioner was correctly informed about the scope of his Sixth Amendment rights under the law in effect at the time of waiver.

Affirmed.