410 December 6, 2023 No. 639

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WILLIAM LAMAR BURRELL,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV44599; A177033

J. Burdette Pratt, Senior Judge.

Submitted October 31, 2023.

Lindsey Burrows and O'Connor Weber LLC filed the opinion brief for appellant. William Lamar Burrell filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

TOOKEY, J.

Reversed and remanded as to Claim 2, relating to petitioner's nonunanimous jury conviction on Count 7; otherwise affirmed.

**TOOKEY, J.**

Petitioner—who was convicted after a jury trial of twelve offenses, including one count of burglary, multiple counts of assault, multiple counts of coercion, multiple counts of unlawful use of a firearm, one count of felon in possession of a firearm, and one count of drug possession—appeals a judgment denying his petition for post-conviction relief, raising thirteen assignments of error. In his first assignment of error, petitioner contends that the post-conviction court erred in denying relief on petitioner's claims that his conviction by a nonunanimous jury violated his constitutional rights under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). In his second through thirteenth assignments of error, petitioner contends that the post-conviction court erred in denying relief on petitioner's claims of inadequate and ineffective assistance of counsel.[1] Accepting the post-conviction court's supported implicit and explicit factual findings, and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we reverse and remand in part, and otherwise affirm.

*Petitioner's First Assignment of Error.* After a jury trial on twelve counts, petitioner was convicted by the jury unanimously on Counts 1-6 and 8-12, and nonunanimously on Count 7. In his first assignment of error, petitioner contends that the post-conviction court erred in denying petitioner's Claim 2 for retroactive relief under *Ramos* and reversal of petitioner's nonunanimous jury conviction on Count 7.[2] The state concedes that, in light of *Watkins v. Ackley*, 370

---

[1] On appeal, petitioner submitted a supplemental *pro se* brief. In that brief petitioner lists his claims, including claims that counsel did not repeat on appeal, but petitioner does not make any legal arguments to develop those claims. We therefore reject, without further discussion, petitioner's *pro se* assignments as inadequately developed. *See Beall Transport Equipment Co. v. Southern Pacific Trans.*, 186 Or App 696, 700 n 2, 64 P.3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" nor "to make or develop a party's argument when that party has not endeavored to do so itself.").

[2] In petitioner's first assignment of error, petitioner indicates he is appealing the post-conviction court's denial of Claim 3 as well. In Claim 3, petitioner requested post-conviction relief based on structural error. However, petitioner does not develop any argument related to the post-conviction court's ruling on Claim 3. Thus, under *Beall Transport*, we decline to address that issue. 186 Or App at 700 n 2.

Or 604, 523 P3d 86 (2022), the post-conviction court erred.[3] We agree and accept that concession.

In *Ramos*, the United States Supreme Court held that the Sixth and Fourteenth Amendments require jury unanimity for a conviction in state court. 590 US at 1397. In *Watkins*, the Oregon Supreme Court held that *Ramos* applies retroactively in a post-conviction proceeding under Oregon's Post-Conviction Hearing Act, ORS 138.510 to 138.680. 370 Or at 607. We therefore reverse the post-conviction court's denial of petitioner's Claim 2, and remand for further proceedings.

*Petitioner's Second through Thirteenth Assignments of Error.* Petitioner contends that the post-conviction court erred in denying relief on petitioner's claims that his trial counsel rendered inadequate and ineffective assistance in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. To establish inadequate and ineffective assistance of counsel, petitioner must prove both a performance element and a prejudice element. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions). Petitioner attributes one assignment of error to each of the post-conviction court's denials of each of petitioner's claims for inadequate and ineffective assistance of counsel. We review the post-conviction court's denial of each claim to determine whether the post-conviction court's conclusion is supported by the record. *See Green*, 357 Or at 312.

In his second, third, and fourth assignments of error respectively, petitioner contends the post-conviction court erred in denying relief on Claims 14T, 14U, and 14V, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel "fail[ed] to request an instruction requiring the jury to return a unanimous verdict and fail[ed] to object to the court's receipt of a nonunanimous verdict." It may be, as the state contends, that in light of the state's concession that petitioner is entitled to relief

---

[3] We note that *Watkins* was decided after the post-conviction court's denial of petitioner's claims.

on his standalone claim regarding Count 7, the issue of trial counsel's alleged inadequacy in claims 14T, 14U, and 14V is moot. *See Jones v. Brown*, 370 Or 649, 652 n 2, 370 P3d 649 (2022) (resolution of petitioner's standalone claim under *Ramos* rendered challenges of the same nonunanimous convictions on inadequate and ineffective assistance of counsel grounds moot). But, in any event, petitioner's argument is precluded by this court's decision in *Smith*, 318 Or App at 569-70 (rejecting a claim of inadequate and ineffective assistance of counsel based on counsel's failure to foresee, in 2015, the United States Supreme Court's ruling in *Ramos*). *See also Aaron v. Kelly*, 325 Or App 262, 264, 528 P3d 1215 (2023) (trial counsel was not inadequate or ineffective for failing to foresee *Ramos* in 2017). Thus, we affirm the post-conviction court's rejection of Claims 14T, 14U, and 14V.

We have reviewed petitioner's fifth through thirteenth assignments of error relating to each of his other claims and conclude that the post-conviction court's rejection of those claims is supported by the record. We therefore affirm the post-conviction court's rulings on those claims.

In his fifth assignment of error, petitioner contends that the post-conviction court erred in denying relief on Claim 14L, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel "failed to consult a qualified forensic expert" to assess the alleged victims' injuries. The record supports the post-conviction court's determination that counsel reasonably did not think a forensic expert's opinion was necessary because the jury could observe the victims' physical condition in photographs. Petitioner argues that that is not so because a forensic expert "would have directly rebutted the state's theory of petitioner's guilt and cast doubt on the alleged victim's credibility." However, petitioner does not explain how a forensic expert's testimony would have done so, given the circumstances. Thus, we affirm the post-conviction court's rejection Claim 14L.

In his sixth assignment of error, petitioner contends that the post-conviction court erred in denying relief on Claim 14R, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel failed

to "investigate and present evidence regarding petitioner's past traumatic events[.]" Petitioner does not develop any argument as to why the post-conviction court erred in denying Claim 14R. *See Beall Transport Equipment Co.*, 186 Or App at 700 n 2. Thus, we affirm the post-conviction court's ruling.

In his seventh, eighth, and ninth assignments of error respectively, petitioner contends that the post-conviction court erred in denying relief on Claims 14B, 14C, and 14D, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel "fail[ed] to adequately remove from trial any reference to petitioner's invocation of his right to counsel." On the contrary, the record shows that counsel did move to suppress all of petitioner's statements prior to trial. The trial court granted counsel's motion on some of petitioner's statements but not on all. The record also shows that counsel objected to witness testimony as to petitioner's statements. The trial court overruled that objection and allowed the testimony. The post-conviction court determined that, after the trial court denied counsel's motion and overruled counsel's objection, the trial court's position was clear on the matter and counsel had no reason to raise the issue any further. The record supports that determination by the post-conviction court, and we therefore affirm the post-conviction court's denial of Claims 14B, 14C, and 14D.

In his tenth and eleventh assignments of error respectively, petitioner contends that the post-conviction court erred in denying relief on Claims 14J and 14K, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel "fail[ed] to adequately remove from trial inadmissible hearsay." At trial, counsel objected to an officer's testimony regarding the officer's interview with a victim at the victim's residence, hours after the alleged incident, in which the victim told the officer what petitioner had said to the victim. Counsel objected on the ground that the testimony constituted double hearsay. The trial judge overruled that objection, pointing to a hearsay exception under which each level of hearsay was admissible, OEC 805: Petitioner's statement to the victim was a statement of party opponent, OEC 801(4)(b)(A), and

the victim's statement to the officer was an excited utterance, OEC 803(2). The record supports the post-conviction court's determination that the attorney exercised reasonable professional skill and judgment. Thus, we affirm the post-conviction court's denial of Claims 14J and 14K.

In his twelfth assignment of error, petitioner contends that the post-conviction court erred in denying relief on Claim 14S, in which petitioner alleged that trial counsel was inadequate and ineffective because counsel "fail[ed] to object to petitioner's unlawful sentence." Petitioner argues that his sentence was unlawful because it exceeded the "400-percent rule," which limits the maximum incarceration term that may be imposed for consecutive departure sentences to four times the maximum presumptive incarceration term of the primary offense. *See, e.g.*, *State v. Worth*, 274 Or App 1, 30-31, 360 P3d 536 (2015). However, as the post-conviction court pointed out, petitioner was sentenced as a dangerous offender, and the 400-percent rule does not apply to "any indeterminate sentence imposed on a dangerous offender[.]" OAR 213-008-0007(3). Thus, the 400-percent rule only applies to the portions of petitioner's consecutive sentence that are not indeterminate, or the presumptive determinate portions of petitioner's consecutive sentence: 144 months for Count 1 and 120 months for Count 9, for a total of 264 months. That maximum incarceration term, under the presumptive determinate portions of petitioner's sentence, does not exceed the 288-month maximum that petitioner contends limits his determinate sentence.

On appeal, petitioner alleges that the amended judgment was unclear and could require petitioner to serve a portion of the indeterminate sentence on Count 9 consecutively with the determinate sentence on Count 1, for a total of 320 months, in violation of the 288-month maximum. But petitioner does not explain why that indeterminate portion of petitioner's sentence would not fall under the exclusion for dangerous offenders in OAR 213-008-0007(3). Petitioner does not point to any place in the record that undermines the post-conviction court's determination that petitioner's sentence did not violate the 400-percent rule. Thus, we affirm the post-conviction court's denial of Claim 14S.

Finally, in his thirteenth assignment of error, petitioner contends that the post-conviction court erred in denying relief on paragraph 23 of his post-conviction petition, in which petitioner alleged that trial counsel's inadequate and ineffective assistance resulted in "cumulative prejudice." The post-conviction court denied that claim because "Oregon does not recognize cumulative error as a basis for post-conviction relief." In addition, we have no basis on which to reach the question of whether petitioner was prejudiced by counsel's deficient performance, as petitioner did not establish that counsel's performance was deficient. Thus, we affirm the post-conviction court's ruling denying petitioner's claim in paragraph 23.

Reversed and remanded as to Claim 2, relating to petitioner's nonunanimous jury conviction on Count 7; otherwise affirmed.