No. 604        August 28, 2024        627

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EVAN PAUL LUX,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV23133; A180337

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Margaret Huntington and O'Connor Weber LLC filed the opening brief for appellant. Evan Paul Lux filed the supplemental opening brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his successive petition for post-conviction relief. In a brief filed by counsel, he argues that his trial counsel provided constitutionally deficient representation for failing to advise him about the status of the law regarding nonunanimous jury verdicts before the United States Supreme Court issued *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 583 (2020), and that his guilty pleas were not knowing, intelligent, and voluntary for the same reason. In a *pro se* brief, petitioner argues that the post-conviction court erred in concluding that the rule announced in *Ramos* does not apply retroactively, and that the court's judgment runs afoul of ORS 138.640(1). We review the post-conviction court's judgment for legal error and accept the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.

Faced with the prospect of a nonunanimous jury conviction, and on the advice of counsel, petitioner waived his right to a jury trial and pleaded guilty to several counts of criminal conduct in 2015. He petitioned for post-conviction relief, the post-conviction court denied relief, we affirmed without opinion, and the Supreme Court denied review. *Lux v. Cain*, 303 Or App 363, 460 P3d 548, *rev den*, 366 Or 731 (2020).

After the United States Supreme Court announced that the Sixth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, requires a unanimous jury verdict for criminal convictions, petitioner filed a successive petition for post-conviction relief. *See Ramos*, 590 US at 93. Petitioner argued that his trial counsel provided constitutionally deficient representation by failing to advise him that if he proceeded with a trial, he could object to a nonunanimous jury instruction. For the same reason, he argued that his guilty plea was not knowing, intelligent, or voluntary. The post-conviction court denied relief on both claims. As to trial counsel's performance, the court ruled that counsel was not deficient in failing to advise that at some point after his guilty plea, the law on jury unanimity would change and that, after such

change, *Ramos* could be applied retroactively to give petitioner a new trial. The court concluded that *Ramos* does not apply retroactively.  The court also ruled that petitioner was not credible in his statement that he would have gone to trial had counsel provided different advice, and the court determined that petitioner's guilty plea was made knowingly, intelligently, and voluntarily.  Petitioner challenges those rulings on appeal.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To prove prejudice where, as here, a petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead guilty, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and insisted on a trial. *Peeler v. Reyes*, 328 Or App 110, 115, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024). When a post-conviction court makes findings regarding a party's credibility, those findings bind us on appeal. *Newmann v. Highberger*, 330 Or App 229, 234-35, 543 P3d 172, *rev den*, 372 Or 588 (2024) (citing *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003)).

Petitioner's claim that his trial counsel was deficient for failing to advise that the law on nonunanimous jury verdicts would change in the future is foreclosed by our case-law. *See Aaron v. Kelly*, 325 Or App 262, 264, 528 P3d 1215, *rev den*, 371 Or 333 (2023) (trial counsel not inadequate or ineffective in 2017 for not foreseeing *Ramos*); *Smith*, 318 Or App at 569 (trial counsel not inadequate or ineffective in 2015 for not foreseeing *Ramos*).

Petitioner's alternative claim—that his guilty plea was not knowing, intelligent, or voluntary—is also foreclosed by our case law, because petitioner's counsel correctly advised petitioner that, as of 2015, he could be convicted by a nonunanimous jury for the crimes. *See Peeler*, 328 Or App at 119 (pre-*Ramos* waiver of jury trial right was knowing and

intelligent because the petitioner was correctly informed about the scope of his Sixth Amendment rights at the time of the waiver). In addition, the post-conviction court's finding that petitioner was not credible in his testimony that he would have gone to trial had his counsel provided different advice binds us on appeal and compels the conclusion that petitioner was not prejudiced by any alleged deficiencies in counsel's advice. *Newmann*, 330 Or App 234-35.

Petitioner's *pro se* arguments on appeal do not change the outcome of the case. He first argues that the post-conviction court erroneously concluded that *Ramos* does not apply retroactively in Oregon. The superintendent concedes error, and the concession is well taken. We now know that *Ramos* does apply retroactively in Oregon. *Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022). However, given our conclusions above, the post-conviction court's erroneous conclusion on *Ramos*'s retroactivity does not warrant reversal. Finally, with regard to petitioner's argument that the post-conviction court's judgment does not comply with ORS 138.640(1), our review of the judgment leads us to conclude that it adequately satisfies the statutory criteria for a post-conviction judgment. *See Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010) (post-conviction judgment must identify the claims considered and make a separate ruling on each claim, declare whether denial of a claim is based on procedural or substantive grounds, and identify the legal bases for the denial of relief).

Accordingly, the post-conviction court did not err in denying post-conviction relief.

Affirmed.