Submitted April 5, reversed and remanded with instructions to grant post-conviction relief on petitioner's claim that trial counsel was inadequate under Article I, section 11, for failing to present mitigating evidence at sentencing, otherwise affirmed August 30, 2023

DAVID LAWRENCE BACON,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV25668; A176246

536 P3d 634

Petitioner appeals from a judgment denying his petition for post-conviction relief (PCR), arguing that his trial counsel rendered inadequate and ineffective assistance by failing to present mitigating evidence at sentencing. Petitioner identifies two individuals who were available to testify about his positive contributions to the community for several years until he relapsed into substance abuse and contends that, had counsel offered that evidence, there is more than a mere possibility that the sentencing court would not have found substantial and compelling reasons to deny petitioner eligibility for sentence modification programs. *Held*: Trial counsel performed deficiently by failing to present mitigating evidence and, weighing the mitigating evidence against the aggravating evidence in light of the question before the sentencing court, petitioner was prejudiced thereby.

Reversed and remanded with instructions to grant post-conviction relief on petitioner's claim that trial counsel was inadequate under Article I, section 11, for failing to present mitigating evidence at sentencing; otherwise affirmed.

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Reversed and remanded with instructions to grant post-conviction relief on petitioner's claim that trial counsel was inadequate under Article I, section 11, for failing to present mitigating evidence at sentencing; otherwise affirmed.

**KAMINS, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief (PCR), raising two assignments of error. We focus our discussion on petitioner's second assignment, in which he argues that his trial counsel was inadequate for failing to present mitigating evidence at sentencing. We reverse and remand as to the second assignment of error and otherwise affirm.

Petitioner pleaded guilty to three counts of conspiracy to deliver heroin and one count of conspiracy to deliver methamphetamine and proceeded to open sentencing. At sentencing, the court considered aggravating factors in determining the length of petitioner's sentence and whether he was eligible for alternative incarceration programming and earned reductions, including the value and weight of the drugs involved, petitioner's extensive criminal history, and petitioner's negative impact on the community. Counsel for petitioner offered only two points in favor of allowing programming: first, that petitioner was 52 years old, and second, that those programs offered petitioner the opportunity to treat his drug addiction. Petitioner also made a brief statement about his recovery, his contributions to the community, and his relapse. The state did not object to programming for the second half of petitioner's sentence. Nevertheless, the trial court denied petitioner all alternative incarceration programming and earned reductions.

Petitioner appealed, and his appellate counsel filed a Motion for Entry of Amended Judgment with the trial court, alerting it to the fact that it had failed to find "on the record in open court substantial and compelling reasons" to deny programming, as required by ORS 137.750(1). In response, the state reminded the trial court of the amount of drugs involved and objected to "any modification of this sentence." The court granted the motion and held a hearing, which gave trial counsel another opportunity to investigate and develop the record with additional mitigating evidence. Despite that opportunity, trial counsel offered no additional evidence and, instead, relied on her argument from petitioner's first sentencing hearing. The trial court amended its

judgment reaffirming the denial of petitioner's eligibility for all alternative incarceration programming.

Petitioner now seeks post-conviction relief from his sentence. The PCR court denied relief, finding that petitioner failed to prove that any inadequate assistance of counsel prejudiced him because "[t]estimony that Petitioner was doing well but had made a mistake and relapsed would not have carried any weight with the sentencing judge."

We review post-conviction proceedings for errors of law. *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons,* 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). To succeed on a claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner must show by a preponderance of the evidence facts demonstrating that (1) counsel failed to exercise reasonable professional skill and judgment, and (2) counsel's failure had a tendency to affect the result of his trial. *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487 (2014). Those standards are "functionally equivalent" to the standards for determining whether counsel was ineffective under the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at 6-7; *see also Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

Petitioner argues on appeal that counsel was deficient in failing to present mitigating evidence at sentencing. In particular, he identifies two individuals who were available to testify on his behalf: Ray Gozly, a former supervisor and employer of petitioner, and Shawn Bower, executive director of a nonprofit organization that assists individuals living with drug addictions. Gozly declared that petitioner graduated from a drug rehabilitation program, mentored at-risk youth, was attending college, and was starting a business. Gozly also declared that, in his work, petitioner was an "exceptionally reliable employee," a "hard worker," and was "proficient, reliable, and diligent in doing good work." Gozly further declared that petitioner demonstrated compassion towards others "in a way that was noticeable, memorable, and consistent." Bower highlighted that petitioner was a "regular participant" in support networks, "worked on his recovery, and did very well for an extended period of time."

Bower also declared that petitioner "has a very strong mind, and he uses that to support others." Bower further declared that petitioner was a "positive impact on society" for several years until petitioner stopped attending his support group, a "mistake" Bower said "many people struggling in recovery" make "once they are doing well." Counsel for petitioner did not present any evidence from Bower or Gozly for the court's consideration at either sentencing hearing.[1]

We conclude that counsel for petitioner performed deficiently by failing to offer any mitigating evidence other than petitioner's testimony. Petitioner was facing a 228-month sentence, and his case involved several aggravating factors that, alone, weighed in favor of finding substantial and compelling reasons to deny programming. However, counsel for petitioner called no witnesses and presented no evidence. Even with the opportunity of a second sentencing hearing, and the knowledge that the trial court was not persuaded by counsel's limited argument and would deviate from the prosecutor's recommendation to allow programming, trial counsel still did not present any mitigating evidence. Instead, she relied on a strategy that had already failed. That choice was not reasonable. *See Andrus v. Texas*, ___ US ___, 140 S Ct 1875, 1881, 207 L Ed 2d 335 (2020) (defense counsel provided deficient performance at penalty phase where counsel performed almost no mitigation investigation and overlooked vast tranches of mitigating evidence); *Montez*, 355 Or at 24 (recognizing that "the applicable standard is whether trial counsel exercised reasonable skill and judgment" and that petitioner's identification of a different mitigation strategy "is not a ground for post-conviction relief if counsel acted reasonably in presenting the defense that they did"); *Pike v. Cain,* 303 Or App 624, 636, 465 P3d 277, *rev den*, 367 Or 75 (2020) (counsel's failure to fully investigate mitigating factors, including the petitioner's military record, was ineffective assistance).

Turning to prejudice, as an initial matter, the PCR court erred in concluding that petitioner failed to establish

---

[1] Before the PCR court and on appeal, petitioner's ineffective assistance of counsel claim was framed as a challenge to trial counsel's failure to present mitigating evidence, although it is not clear on this record that trial counsel investigated or was aware of that evidence.

prejudice because the sentencing judge was so focused on the amount of drugs involved that the additional mitigating evidence "would not have carried any weight with the sentencing judge." The prejudice analysis "should not involve any consideration of the individual judge or the factors that might or might not have motivated a specific judge to make a decision." *Pike*, 303 Or App at 636 (internal quotation marks omitted). Rather, the question is "whether the omitted information is the type that could have affected the outcome if presented to an objective, reasonable factfinder." *Id.* The PCR court's focus on the impact of the omitted evidence on the particular sentencing judge rather than on an objective factfinder was in error.

When a case involves a failure to present mitigating evidence at sentencing, we evaluate whether there was more than a mere possibility that the evidence "could have been used at the sentencing hearing in a way that gave rise to more than a mere possibility that the outcome of the proceeding could have been different as a result." *Maxfield v. Cain*, 322 Or App 405, 410, 520 P3d 890 (2022) (internal quotation marks omitted). In making that determination, "[t]he first step is to determine the precise question before the sentencing court and the legal standard applicable to that question." *Id.* Here, that question was whether there were "substantial and compelling reasons" to deny petitioner eligibility for alternative incarceration programs. ORS 137.750(1).

We next "look at the totality of the mitigation evidence and reweigh it against the evidence of aggravation" in order to determine whether there was "more than a mere possibility that competent defense counsel could have used the information" in ways that could have persuaded a reasonable factfinder to not find substantial and compelling reasons to deny programming for petitioner. *Maxfield*, 322 Or App at 411.

Weighing the mitigating evidence against the aggravating evidence, there is more than a mere possibility that a reasonable factfinder would have allowed for programming. The aggravating evidence demonstrated that petitioner was part of a large drug trafficking operation, in

terms of the amount of drugs sold, and that petitioner has a history of former criminal activity and recidivism. However, the mitigating evidence paints a fuller picture of petitioner's contributions to society over several years of sobriety and his success in helping others struggling with addiction, all while working and attending school. The declarations of Bower and Gozly evinced (1) petitioner's participation in support groups and graduation from a drug rehabilitation program, (2) petitioner's "noticeable" and "memorable" mentorship of peers and at-risk youth, (3) petitioner's pursuit of higher education and goals to start a business, and (4) petitioner's "proficient, reliable and diligent" work as an employee. Competent defense counsel could have used that information to persuasively argue that additional programming addressing petitioner's substance abuse would contribute to his sobriety and avoidance of criminal activity which, in the past, allowed him to make sustained, positive impacts on his community. As a result, there exists more than a mere possibility that, but for counsel's failure, a reasonable factfinder would not have found substantial and compelling reasons to deny programming for petitioner.

Because counsel for petitioner was deficient in failing to present any mitigating evidence at petitioner's sentencing hearing and because that deficiency tended to affect petitioner's sentence, we reverse and remand with respect to petitioner's second assignment of error.

As to the first assignment of error, petitioner argues that the PCR court erred when it denied his request for adequate counsel under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966); *see also Bogle v. State of Oregon*, 363 Or 455, 471, 423 P3d 715 (2018) (explaining the purpose of a *Church* motion). That assignment of error is unpreserved, and in any event, we have reviewed the record and the parties' arguments, and we see no error in the court's application of the law under *Lopez v. Nooth,* 287 Or App 731, 403 P3d 484 (2017).

Reversed and remanded with instructions to grant post-conviction relief on petitioner's claim that trial counsel was inadequate under Article I, section 11, for failing to present mitigating evidence at sentencing; otherwise affirmed.