290 May 1, 2024 No. 277

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JORDON PERKINS,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
18CV47949; A178824

Patricia A. Sullivan, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Jordon Perkins filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Reversed with respect to Claim 7 and remanded for entry of judgment granting post-conviction relief on that claim; otherwise affirmed.

**LAGESEN, C. J.**

Petitioner was convicted by a jury of two counts of first-degree rape (Counts 2 and 3), two counts of first-degree sodomy (Counts 4 and 5), one count of first-degree unlawful sexual penetration (Count 6), one count of first-degree sexual abuse (Count 8), and one count of third-degree assault (Count 10). In this post-conviction proceeding, he appeals a judgment denying relief from his convictions and sentences on those counts.

For the reasons that follow, we conclude that the post-conviction court erred in denying relief on petitioner's claim that trial counsel was constitutionally inadequate for not objecting to the trial court's imposition of enhanced sentences under ORS 137.690 on Counts 3, 4, 5, and 6, based on judicially-found facts, instead of jury-found facts as required under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and, further, that petitioner is entitled to a new sentencing proceeding pertaining to those counts. We otherwise affirm.

## I. LEGAL STANDARDS AND STANDARD OF REVIEW

Petitioner seeks relief from his convictions and sentence on the ground that his trial counsel provided inadequate and ineffective assistance, in violation of his rights under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.

To prevail on a claim of inadequate and ineffective assistance of counsel under the state constitution, a post-conviction petitioner must prove a two-prong test: that trial counsel "failed to exercise reasonable professional skill and judgment," and that counsel's failure "had a tendency to affect" the result of the trial. *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). To satisfy the first prong, a petitioner must prove that counsel's decision "'reflects an absence of reasonable professional skill and judgment'" which turns on "the facts known to counsel at the time that [counsel] made [the] decision." *Davis v. Kelly*, 303 Or App 253, 262, 461 P3d 1043 (2020) (quoting *Cartrette v. Nooth*, 284 Or App 834,

841, 395 P3d 627 (2017) (brackets in *Davis*)). To satisfy the second prong, a petitioner must show that counsel's inadequate performance had a tendency to affect the outcome of the trial. *Green v. Franke*, 357 Or 301, 322, 350 P3d 188 (2015).

A functionally equivalent two-prong standard governs claims of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution. *Davis*, 303 Or App at 262. Under the federal standard, a petitioner must prove that "trial counsel's performance 'fell below an objective standard of reasonableness,'" and that "there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 262-63 (quoting *Strickland v. Washington*, 466 US 668, 694, 103 S Ct 2052, 80 L Ed 2d 674 (1984)).

On review of a post-conviction court's judgment resolving a petition for post-conviction relief, we accept the post-conviction court's supported implicit and explicit factual findings and we review conclusions of law for legal error. *Green*, 357 Or at 312. If the post-conviction court failed to make findings of fact on all issues, and there is evidence from which such facts could be decided more than one way, we presume that the post-conviction court made any necessary factual findings in a manner consistent with its conclusions of law. *Id.*; *Pereida-Alba v. Coursey*, 356 Or 564, 670-71, 342 P3d 70 (2015) (explaining that the presumption that the post-conviction court decided facts consistently with its legal conclusion applies only to factual findings necessary to that legal conclusion).

## II.   BACKGROUND

With those standards in mind, we provide an overview of the facts necessary to understand the issues before us in this appeal, supplementing those facts as necessary in addressing petitioner's individual assignments of error.

As noted, petitioner was convicted of seven sex offenses. Those convictions arose from an incident that occurred after petitioner and his codefendant, Jacobs, picked the victim up from a friend's house in a vehicle and then parked in a secluded area to smoke and drink in the

car. After the victim declined petitioner's sexual advances, petitioner, with the assistance of Jacobs, sexually assaulted her in multiple different ways. For that conduct, the jury found petitioner guilty of two counts of first-degree rape, two counts of first-degree sodomy, one count of first-degree unlawful sexual penetration, one count of first-degree sexual abuse, and one count of third-degree assault. The trial court had instructed the jury that at least 10 jurors must agree on the verdict. No party requested a jury poll, and the record does not show the jury's vote on any of the convictions.

At sentencing, the trial court imposed the 300-month (25-year) mandatory minimum sentence under ORS 137.690 on one count of first-degree rape, both counts of first-degree sodomy, and on the conviction for first-degree sexual penetration. The court did so based on its own factual finding that one of the rape counts involved a "separate criminal episode" from the other counts and, therefore, counted as a "previous conviction of a major felony sex crime" within the meaning of ORS 137.690 so as to require the imposition of the mandatory minimums on the other counts under that statute. Petitioner's trial counsel did not object to the trial court making the "separate criminal episode" finding on its own, or argue to the court that, under *Apprendi*, 530 US 466, the Sixth and Fourteenth Amendments required a jury, not a judge, to find that the predicate rape offense involved a separate criminal episode so as to permit the imposition of the 25-year mandatory minimum sentences under ORS 137.690. The trial court structured petitioner's sentences so they were partially concurrent and partially consecutive, for a total of 575 months' incarceration. Petitioner appealed, we affirmed without opinion, and the Supreme Court denied review. *State v. Perkins*, 289 Or App 378, 412 P3d 1211 (2017), *rev den*, 362 Or 699 (2018).

Petitioner then initiated the present post-conviction proceeding. He asserted 11 claims for relief. Relevant to the issues on appeal, he alleged that his trial counsel was inadequate and ineffective by failing to object to the state's admission of Jacobs' testimony (Claim 1), failing to introduce evidence of petitioner's previous sexual encounters with the victim (Claim 3), failing to object to the 575-month

sentence as disproportionate or cruel and unusual (Claim 6), failing to object to the application of ORS 137.690(a) sentence enhancements to the major felony sex crimes on the ground that the jury had not found that the predicate rape conviction arose out of a separate criminal episode (Claim 7), and failing to object to the nonunanimous jury verdict instruction and failing to poll the jury (Claims 8-10). The post-conviction court denied relief. This appeal followed.

### III.   ANALYSIS

On appeal, in a brief submitted by counsel and in a *pro se* supplemental brief, petitioner assigns error to the post-conviction court's denial of relief on each of the above claims. We reverse on the denial of relief on his *Apprendi*-based sentencing claim (Claim 7). We conclude that reasonable counsel would have objected to the imposition of the enhanced sentence under ORS 137.690(a), and that counsel's failure to object prejudiced petitioner. We otherwise affirm the post-conviction court's judgment.

### A.   *First Assignment of Error: Failure to Object to Codefendant's Testimony or Request Limiting Instruction*

Petitioner first assigns error to the post-conviction court's denial of relief on his claim that his trial counsel was inadequate and ineffective for not objecting to the admission of Jacobs' testimony about his guilty plea and petitioner's criminal conduct or requesting a limiting instruction about the use of that evidence. Trial counsel explained that her decision not to object to Jacobs' testimony was meant to call into question his credibility by allowing him to testify about his arrangement with the prosecution, and therefore show his self-interest in testifying. The post-conviction court credited trial counsel's explanation of the strategic choices that she made in handling Jacob's testimony and concluded that counsel's decision-making was reasonable. It therefore denied the claim on that basis. Accepting, as we must, the post-conviction court's credibility determinations, we agree with the post-conviction court that trial counsel's decisions do not reflect an absence or suspension of professional skill and judgment. *Newmann v. Highberger*, 330 Or App 229, 234-35, 543 P3d 172 (2024) (citing *State v. Johnson*, 335 Or

511, 523, 73 P3d 282 (2003)). The post-conviction court did not err in denying relief on this claim.

B.  *Second Assignment of Error: Failure to Introduce Evidence of Prior Sexual Encounters Between Petitioner and the Victim*

Petitioner next assigns error to the post-conviction court's denial of relief on his claim that his trial counsel was inadequate and ineffective for failing to introduce evidence of prior consensual sexual encounters between petitioner and the victim. The post-conviction court denied relief on the claim because it credited counsel's explanation as to why she chose not to introduce that evidence, and then determined that counsel's decision-making was reasonable. Accepting again the post-conviction court's credibility findings, *Newmann*, 330 Or at 234-35, we agree with the post-conviction court that counsel's handling of the issue reflects reasonable professional skill and judgment. The post-conviction court therefore did not err in denying relief on this claim.

C.  *Third Assignment of Error: Failure to Challenge Petitioner's 575-Month Sentence on the Ground that it was Unconstitutionally Disproportionate or Cruel and Unusual*

In his third assignment of error, petitioner challenges the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective for failing to object to the 575-month sentence as disproportionate and cruel and unusual punishment, in violation of Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution. We do not reach this assignment of error, because our resolution of petitioner's fourth assignment of error will require resentencing, which may result in the imposition of a different sentence.

D.  *Fourth Assignment of Error: Failure to Challenge the Imposition of the ORS 137.690 Sentences on Counts 3 through 6*

In his fourth assignment of error, petitioner assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective for

failing to object to the imposition of the 300-month sentences under ORS 137.790[1] on Counts 3 through 6. Invoking *Apprendi*, petitioner alleges that reasonable counsel would have "rais[ed] and preserv[ed] an argument that ORS 137.690 required a jury to find that the prior convictions arose out of separate criminal episodes." Petitioner further contends that, had counsel raised the objection, the sentencing court "would not have imposed the enhanced sentences on petitioner for Counts 3, 4, 5 and 6 or would have committed reversible error by doing so."

In support of that argument, petitioner points to our decision in *State v. Thornsberry*, 315 Or App 287, 288, 294, 501 P3d 1 (2021), in which we held that, under *Apprendi*, a sentence may not be enhanced under ORS 137.690 based on "a conviction in the same sentencing proceeding" absent a jury finding that the conviction involved a "separate criminal episode." ORS 137.690(c); ORS 131.505(4). Notwithstanding *Thornsberry*, the post-conviction court denied relief based on its determination that: "In 2015, when Petitioner was tried and sentenced, the law was not clear whether the Court or the jury had to find the enhancements. The decision clarifying this was six years in the future. Trial counsel was not ineffective for failing to object to finding by the Court." For the reasons that follow, we conclude otherwise.

We previously have delineated the scope of a criminal defense counsel's obligation under Article I, section 11, to advance legal arguments at sentencing. *Gordon v. Hall*, 232 Or App 174, 180-88, 221 P3d 763 (2009). That obligation requires counsel "to identify and advocate for issues that may have benefited petitioner at sentencing in light of the nature and complexity of his case." *Id*. at 181. Said another way,

---

[1] ORS 137.690 states, in part:

"a. Any person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime, shall be imprisoned for a mandatory minimum term of 25 years.

"*****

"c. Previous conviction' includes *** a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode as defined in ORS 131.505."

"Adequate performance includes identifying and advocating for issues that may benefit the defendant at sentencing. If a lawyer exercising reasonable professional skill and judgment would have recognized such an issue and would have concluded under the circumstances that the benefits of raising it outweighed the risks of doing so, failing to raise the issue may constitute inadequate assistance."

*Buffa v. Belleque*, 214 Or App 39, 42, 162 P3d 376, *rev den*, 173 P3d 1016 (2007).

In this case, counsel exercising reasonable professional skill and judgment would recognize that the application of ORS 137.690 would be a critical issue at petitioner's sentencing and, further, would recognize that the application of the statute would require a factual determination that at least one of the rape convictions, sodomy convictions, or the unlawful sexual penetration conviction involved a separate criminal episode from the other convictions subject to sentencing under ORS 137.690. Petitioner's counsel, in fact, recognized as much. In the sentencing memorandum, she argued:

"ORS 137.690 is inapplicable to this case. Its application is predicated on *past* sexual crimes. It allows (and requires) the 25-year mandatory minimum for sentences in the same proceeding if the convictions arose from separate criminal episodes. It would be inappropriate to find that each sexual crime committed by Defendant in this case, which occurred in the same vehicle, at the same location, against the same victim, within one hour, with no evidence of pause between events, were all separate criminal episodes which would authorize the Court to sentence Defendant to 25 years for each conviction of a sexual crime excluding the first."

Having recognized that application of ORS 137.690 would require a factual determination that some or all of the offenses at issue arose from separate criminal episodes—a factual determination that had not been made by the jury—counsel exercising reasonable professional skill and judgment would also have objected to the imposition of sentences under ORS 137.690 as contravening the principles of *Apprendi*. A lawyer exercising reasonable professional skill would understand the key principles announced in *Apprendi* and, later, in *Blakely*, that (1) other than the fact

of a prior conviction, a jury must find—beyond a reasonable doubt—any fact that increases a crime's penalty beyond the prescribed statutory maximum; *Apprendi*, 530 US at 490; and (2) the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 US at 303 (emphasis omitted).

A lawyer exercising reasonable professional skill and judgment would also recognize the potential application of those principles to a case in which the state was seeking to impose a sentence under ORS 137.690 based on a conviction in the same sentencing proceeding. In such circumstances, a sentence under ORS 137.690 operates to triple the otherwise-applicable sentence of 100 months to 300 months based on a factual determination that the predicate offense involved a separate criminal episode—a factual determination that, in this instance, the jury had not made.

Finally, a lawyer exercising reasonable professional skill and judgment would have concluded that the benefits of raising the issue outweighed the risks. The benefits to petitioner—avoiding having his sentences increased by 200 months—were obvious and, as noted, counsel recognized the benefits of challenging the application of ORS 137.690 by, in fact, arguing that it could not apply. The risks were, at most, minimal: that the sentencing court would reject the argument and engage in judicial factfinding.

For those reasons, we conclude that counsel's failure to raise an *Apprendi*-based objection to the application of ORS 137.690 at sentencing was not the product of reasonable professional skill and judgment. In so doing, we reject the superintendent's argument that *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), commands a different result. In *Smith*, we held that counsel's failure to object to Oregon's nonunanimous jury instruction prior to the Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), was reasonable. We reasoned that prior to *Ramos*, "controlling United States Supreme Court precedent established that the Sixth and Fourteenth Amendments did not demand unanimous jury verdicts in criminal cases prosecuted in the

state courts." *Smith*, 318 Or App at 569. And we concluded that "the obligation to exercise reasonable professional skill and judgment—under either [the state or federal] constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court." *Id*.

The superintendent characterizes counsel's performance in this case as a failure to anticipate *Thornsberry*, akin to the failure to anticipate *Ramos*, such that counsel cannot be faulted for failing to raise an *Apprendi* objection at petitioner's sentencing, just as counsel in *Smith* could not be faulted for not objecting to the nonunanimous jury instruction. Unlike *Ramos*, *Thornsberry* did not break new legal ground or change course from prior precedent. Rather, *Thornsberry* involved a relatively straightforward application of the principles of *Apprendi* and *Blakely* to the ORS 137.690 sentencing context, something that reasonable counsel could, and should, have recognized even without a case addressing that particular sentencing statute.

We next turn to the question of prejudice. Under *Gordon*, that inquiry turns, in the main, on whether petitioner's *Apprendi*-based argument would have been successful. For the reasons explained in *Thornsberry*, it would have been—if not in the trial court, then in our court, as was the case in *Thornsberry* itself. *Thornsberry*, 315 Or App at 288 (noting that the defendant's lawyer had objected to the imposition of a sentence under ORS 137.690 because the jury had not found that the predicate offense involved a separate criminal episode). And prevailing on that argument, in turn, could have resulted in a shorter sentence for defendant. Absent the necessary jury finding, the trial court could not have sentenced petitioner under ORS 137.690. And, even if the state had been in a position to empanel a sentencing jury to correct the problem (we express no opinion on the propriety of that), the superintendent expressly acknowledges that "if the issue had been submitted to the jurors, they may have reached a different decision" than the trial court as to whether the offenses in question involved separate criminal episodes. We agree with that acknowledgment.

Accordingly, we reverse the denial of relief on petitioner's Claim 7 and remand for entry of judgment granting

relief on that claim "and such other relief as may be proper and just." ORS 138.520.

E.  *Fifth Through Eighth Assignments of Error and* Pro Se *Supplemental Assignments of Error: Failure to Object to the Nonunanimous Jury Instruction, Request that the Jury be Polled and Standalone Claim that the Nonunanimous Jury Instruction Violated Petitioner's Federal Rights*

Petitioner was tried in 2015, before the Supreme Court decided *Ramos*. Consistent with the law at the time, the jury was instructed that it could convict petitioner by a 10-2 verdict. Petitioner's lawyer did not request a jury poll. In his remaining assignments of error, petitioner assigns error to the denial of relief on his claim that trial counsel was inadequate and ineffective for not objecting to the nonunanimous jury instruction and for not requesting a jury poll. Petitioner also challenges the denial of relief on his standalone claim that the trial court failed to instruct the jury that it needed to convict by a unanimous verdict. On the facts of this case, those arguments fail under *Smith* (trial counsel not deficient in 2015 for not objecting to trial court's instruction that jury verdict need not be unanimous), *Aaron v. Kelly*, 325 Or App 262, 528 P3d 1215, *rev den*, 317 Or 333 (2023) (trial counsel not deficient for not requesting a jury poll before *Ramos* was decided), and *Mandell v. Miller*, 326 Or App 807, 533 P3d 815, *rev den*, 371 Or 476 (2023) (absent a jury poll, an appellate court cannot determine under *Ramos* whether a trial court erred in its jury unanimity instruction).

## IV.  CONCLUSION

For the foregoing reasons, we reverse the post-conviction court's judgment denying relief on Claim 7 and remand for entry of judgment granting relief on that claim. We otherwise affirm.

Reversed with respect to Claim 7 and remanded for entry of judgment granting post-conviction relief on that claim; otherwise affirmed.