No. 318　　　May 15, 2024　　　589

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JORDAN ADAM SUTHERLAND,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV38129; A178930

Claudia M. Burton, Judge.

Submitted April 12, 2024.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, who was convicted of first-degree assault after pushing his girlfriend off a balcony, appeals a judgment denying post-conviction relief (PCR). On appeal, he asserts that his trial counsel was ineffective in failing to move for a judgment of acquittal or to otherwise preserve an argument based on the state's failure to prove the "dangerous weapon" element of first-degree assault. Because petitioner has not demonstrated that such an argument would have prevailed before the trial court, we affirm.

The facts of the underlying appeal are straightforward. Petitioner, who lived with the victim, pushed her off a third-floor balcony following a heated argument. The victim fell roughly 22 feet, landing on the pavement below and sustaining injuries upon impact. As relevant to this appeal, petitioner was charged with one count of assault in the first degree and proceeded to a bench trial. At trial, petitioner's theory of defense was that he was trying to save the victim from falling. The victim testified for the defense and echoed the defense theory. However, two witnesses testified that they saw petitioner push the victim, and the trial court found their testimony credible. The court found petitioner guilty of one count of first-degree assault and sentenced him to 128 months in prison.[1]

Petitioner now seeks post-conviction relief, alleging that his trial counsel was ineffective in failing to argue that the ground did not amount to a "dangerous weapon" for purposes of first-degree assault. The PCR court denied relief, finding that, while petitioner's counsel was deficient in failing to make that argument, petitioner had failed to prove prejudice. Petitioner timely appealed.

On appeal, we review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

---

[1] Petitioner was also convicted of one count of fourth-degree assault relating to a different incident, but does not raise any assignments of error as to that conviction.

"To succeed on a claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, petitioner must show by a preponderance of the evidence facts demonstrating that (1) counsel failed to exercise reasonable professional skill and judgment," and (2) counsel's failure prejudiced petitioner, meaning "counsel's failure had a tendency to affect the result of [the] trial," commonly referred to as the deficiency and prejudice prongs. *Bacon v. Cain*, 327 Or App 673, 676, 536 P3d 634 (2023) (citing *Montez v. Czerniak*, 355 Or 1, 7, 322 P3d 487 (2014)). And the standard under Article I, section 11, is "functionally equivalent" to the standard for determining ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. *Montez*, 355 Or at 6-7; *see also Strickland v. Washington*, 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

In his sole assignment of error, petitioner argues that his trial counsel was ineffective and inadequate in failing to move for a judgment of acquittal or to otherwise preserve the argument that the state failed to prove the "dangerous weapon" element of first-degree assault. As to the deficiency prong, the PCR court concluded that trial counsel was deficient in failing to move for a judgment of acquittal and in failing to otherwise preserve the argument that the state failed to prove the "dangerous weapon" element of first-degree assault. The state, on appeal, does not contest that counsel's performance was deficient and we will assume as much for purposes of this opinion.

Turning to the prejudice prong, we must first frame the appropriate prejudice standard as to trial counsel's failure to move for a judgment of acquittal. To prove prejudice, a petitioner must show that there exists "more than mere possibility, but less than probability" that counsel's deficient performance "could have tended to affect the outcome of the case." *Green*, 357 Or at 322-23 (internal quotation marks and emphasis omitted). That standard applies to the probability that trial counsel's deficiency affected the *outcome of the case*. To establish prejudice from a trial attorney's failure to make a motion, a petitioner must first establish that a would-be motion would have succeeded, and *then* demonstrate that that successful motion would have had a tendency to affect

the ultimate outcome of the case. *See Torres v. Persson*, 305 Or App 466, 472 n 4, 471 P3d 119 (2020), *rev den*, 367 Or 535 (2021) (where the evidence was sufficient such that any motion for a judgment of acquittal would have been denied, the petitioner was not prejudiced by the failure to make such a motion); *see also Alne v. Nooth*, 288 Or App 307, 316, 406 P3d 109 (2017) ("To establish prejudice on a claim based on a trial counsel's failure to object to the admission of evidence, a petitioner must establish that the objection would have been well taken[.] * * * The petitioner must then establish that * * * the admission of the objectionable evidence had a tendency to affect the jury's verdict."); *Stomps v. Persson*, 305 Or App 47, 59 n 5, 469 P3d 218 (2020), *rev den*, 367 Or 496 (2021) ("But in evaluating the prejudicial effect of counsel's performance in the context of a suppression motion, the question is whether, had counsel performed adequately, the ruling on the motion would have been favorable to petitioner.").

In this case, petitioner failed to show that, had counsel moved for a judgment of acquittal, the ruling would have been favorable to petitioner. A motion for a judgment of acquittal should be granted when "the evidence introduced theretofore is such as would not support a verdict against the defendant." ORS 136.445. Petitioner contends that the evidence was insufficient to establish that, under the circumstances, the paved ground constituted a "dangerous weapon," within the meaning of the first-degree assault statute. ORS 163.185(1).[2] A "dangerous weapon" is "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1). To convict a defendant of first-degree assault by means of a dangerous weapon, the state must establish that the defendant intentionally used a dangerous weapon. ORS 163.185.

The evidence supports a finding that petitioner intentionally pushed the victim off a balcony, causing her

_____

[2] ORS 163.185 defines the crime of first-degree assault. That statute provides, in relevant part:

"(1) A person commits the crime of assault in the first degree if the person: (a) Intentionally causes serious physical injury to another by means of a deadly or dangerous weapon * * *."

to fall onto the asphalt pavement 22 feet below. Those circumstances were sufficient to allow the trier of fact—in this case, the court—to find that petitioner's intended use of the asphalt, as a landing place for the victim from three floors up, rendered it capable of causing death or serious injury. *See State v. Glazier*, 253 Or App 109, 114, 288 P3d 1007 (2012), *rev den*, 353 Or 280 (2013) (concluding that a hardwood floor is a "dangerous weapon" under ORS 161.015 where "the evidence was sufficient to permit a trier of fact to determine that the floor was readily capable of causing serious physical injury to the victim in the circumstance where defendant repeatedly struck her head against it").

Petitioner argues that the role of the pavement was "incidental," and therefore the pavement does not qualify as a "dangerous weapon" within the meaning of the assault statute. However, the assault statute and governing case law indicate that, so long as a person uses an object in a manner that makes it readily capable of causing serious physical injury, the object qualifies as a dangerous weapon. *See State v. Reed*, 101 Or App 277, 279, 790 P2d 551, *rev den*, 310 Or 195 (1990) (quoting *former* ORS 161.015) ("The statute provides that 'any instrument, article or substance,' no matter how harmless it may appear when used for its customary purposes, becomes a dangerous weapon when used in a manner that renders it capable of causing serious physical injury."). The evidence was sufficient to allow the trier of fact to find that the asphalt was capable of causing serious physical injury to the victim given that petitioner pushed her onto it from a third-floor balcony. Petitioner has not established that, had counsel moved for a judgment of acquittal, the motion would have been granted. Accordingly, the PCR court correctly concluded that any deficiency did not prejudice petitioner. *Torres*, 305 Or App at 472 n 4. Petitioner also asserts that his trial counsel's failure to raise, and therefore preserve, the "dangerous weapon" argument resulted in prejudice on appeal. But had counsel raised the issue at the trial level, we conclude that there does not exist more than a mere possibility that we would have reversed, because, again, the evidence was sufficient to support the "dangerous weapon" element of first-degree assault.

Affirmed.