460 October 16, 2024 No. 728

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN MICHAEL RAY IGO,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR68415; A177343

Sheryl Bachart, Judge.

Submitted September 26, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Reversed and remanded for resentencing.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for, among other things, two counts of first-degree rape (Counts 13 and 15). In one assignment of error, he raises two distinct challenges to the trial court's imposition of a 25-year sentence under ORS 137.690(a) on Count 15. First, he contends that, under *State v. Thornsberry*, 315 Or App 287, 501 P3d 1 (2021), and the Sixth Amendment to the United States Constitution, the trial court plainly erred when it imposed the sentence without having a jury make the predicate "separate criminal episode" finding required by ORS 137.690(c). Second, defendant argues that the sentence is unconstitutionally disproportionate, in violation of Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution. We agree that under *Thornsberry*, the trial court plainly erred when it imposed the 25-year sentence under ORS 137.690 based on judicial factfinding. Accordingly, we reverse and remand for resentencing for that reason, and do not reach defendant's proportionality argument.

ORS 137.690 mandates a 25-year sentence for any person convicted of a major felony sex crime, including first-degree rape, if the person has one or more prior convictions for a major felony sex crime. A conviction "in the same sentencing proceeding" counts as a prior conviction for purposes of the statute "if the conviction is for a separate criminal episode as defined in ORS 131.505." ORS 137.690(c). Under the Sixth Amendment, the "separate criminal episode" finding must be made by a jury. *Thornsberry*, 315 Or App at 294; *Perkins v. Fhuere*, 332 Or App 290, 296-301, 549 P3d 25 (2024); *cf. Erlinger v. United States*, ___ US ___, 144 S Ct 1840, 1852, 219 L Ed 2d 451 (2024) (holding that the Sixth Amendment requires a jury finding as to whether offenses occurred on separate occasions as a prerequisite to imposition of enhanced sentence under the Armed Career Criminal Act (ACCA)).

Here, in sentencing defendant on Count 15, the judge, not the jury, found that the predicate major felony sex crime—the rape underlying Count 13—occurred in a separate criminal episode. Consequently, as the state properly

concedes, the trial court plainly erred under *Thornsberry*.[1] The state nonetheless argues that, under the circumstances of this case, the error is harmless and, therefore, not grounds for reversal. The state points to the fact that the rapes occurred several hours apart on the same night to argue that, under those circumstances, it is highly likely that a jury would have accepted the state's argument and found that Counts 13 and 15 involved separate criminal episodes.[2]

We disagree. Even though the rapes were several hours apart, that was the case in *Thornsberry* as well, and we concluded that the error there was not harmless. *Thornsberry*, 315 Or App at 297. Moreover, on this record, reasonable factfinders could disagree as to whether Count 13 and Count 15 arose from separate criminal episodes; in their briefs to us, defendant and the state each have presented potentially persuasive arguments as to why the question should be resolved one way or another. Under those circumstances, had the issue been submitted to the jury in accordance with the Sixth Amendment, there is some likelihood that the jury would not have been convinced beyond a reasonable doubt that the offenses arose from separate criminal episodes. The error was not harmless.[3]

---

[1] *Thornsberry* was decided the day after sentencing in this case. The state properly acknowledges that defendant is entitled to the benefit of that decision under these circumstances. *See State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (stating that, on appeal, we apply the current law, not the law as it existed at the time of the appealed decision).

[2] As framed in its brief, the state's argument implies that the jury would have to find that the two offenses occurred in separate criminal episodes. For example, the state asserts that "[o]n these facts, unlike in *Thornsberry*, no rational juror could have found that the two rapes defendant committed against the victim in a different manner and several hours apart, after a night of sleeping, were 'continuous and uninterrupted.'" That implication flips the burden of proof and misidentifies what the state must prove to impose a sentence under ORS 137.690. A jury need not make a finding that offenses arose from the same episode. Rather, where the state seeks to impose the sentence under ORS 137.690 based on a predicate offense involved in the same sentencing proceeding, the state must prove beyond a reasonable doubt that the predicate offense arose from a separate criminal episode. If the jury is not convinced beyond a reasonable doubt that the offenses arose from separate criminal episodes, then the sentence cannot be imposed. *See, e.g.*, *Erlinger*, ___ US ___, 144 S Ct at 1852 (explaining that to impose enhanced sentence under ACCA, a jury is required to find that predicate offenses occurred on separate occasions "unanimously and beyond a reasonable doubt.").

[3] The parties dispute whether the federal constitutional harmless standard applies in this context, in addition to the state constitutional harmless error standard. Because we conclude that the error is not harmless under the state

Finally, we exercise our discretion to correct the error because it is grave, and the ends of justice require us to correct it. Defendant was deprived of his constitutional right to a jury trial on the question of whether Counts 13 and 15 arose from separate criminal episodes and, as a result, he has been subjected to an enhanced sentence longer than what would be permitted in the absence of that constitutional violation. *See*, *e.g.*, *Perkins*, 332 Or App at 300 ("Absent the necessary jury finding the trial court could not have sentenced [the defendant] under ORS 137.690.").[4]

Reversed and remanded for resentencing.

---

constitutional analysis, and because we exercise our discretion to correct that error, we need not address that dispute.

[4] As in *Perkins,* we express no opinion as to whether it would be permissible on remand for the state "to empanel a sentencing jury to correct the problem." *Perkins*, 332 Or App at 300.