No. 621 July 9, 2025 793

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

XAVIER WOLFGANG,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV44635; A181804

Claudia M. Burton, Senior Judge.

Submitted May 28, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying him post-conviction relief. Following a bench trial, petitioner was convicted of crimes including murder, first-degree assault, second-degree abuse of a corpse, and unauthorized use of a vehicle. In his sole assignment of error, petitioner contends that the post-conviction court erred in denying relief on petitioner's first claim, in which he argued that his trial counsel provided constitutionally inadequate and ineffective assistance because she failed to move to suppress statements to police that, according to petitioner, were induced by a promise of leniency. *See State v. Marshall*, 254 Or App 419, 429-30, 295 P3d 128 (2013) (explaining that a confession induced by a promise of leniency is involuntary and thus unconstitutional). The state responds that the post-conviction court correctly denied relief. We agree and affirm.

Criminal defendants have the right to adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). Claims for post-conviction relief based on inadequate and ineffective assistance of counsel under either constitution are subject to a functionally equivalent two-part test, both prongs of which the petitioner must prove by a preponderance of the evidence: "[(1)] that trial counsel failed to exercise reasonable professional skill and judgment, and [(2)] that counsel's failure had a tendency to affect the result of the trial." *Perkins v. Fhuere*, 332 Or App 290, 292, 549 P3d 25, *rev den*, 372 Or 812 (2024) (internal quotation marks omitted); *see also Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014), *adh'd to as modified on recons,* 355 Or 598, 330 P3d 595 (2014) ("[T]he standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution.").

We review a post-conviction court's denial of relief on a claim of inadequate and ineffective assistance of counsel for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction

court's findings of historical fact if there is evidence in the record to support them, and we presume that, if the post-conviction court failed to make findings of fact on all the issues, the facts were decided consistently with the post-conviction court's conclusions of law. *Id*.

Beginning with the first prong, to prove that trial counsel's performance was constitutionally deficient, "a petitioner must prove that counsel's decision reflect[ed] an absence of reasonable professional skill and judgment which turns on the facts known to counsel at the time that counsel made the decision." *Perkins*, 332 Or App at 292. (internal quotation marks and brackets omitted). Here, petitioner argues that "[t]rial counsel was ineffective for failing to move to exclude petitioner's statements to police" because, in petitioner's view, there was a "meritorious argument" that those statements were involuntary.

"Admissions obtained by an express or implied promise of immunity or leniency are involuntary as a matter of law under the Oregon Constitution, Article I, section 12." *State v. Pollard*, 132 Or App 538, 543, 888 P2d 1054, *rev den*, 321 Or 138 (1995). As we explained in *Marshall*, a statement is involuntary on that basis if "the defendant understood that there was, in fact, a promise of leniency, * * * the defendant's understanding to that effect was reasonable, * * * the defendant actually relied on that promise in confessing[,] and * * * the defendant was reasonable in doing so." 254 Or App at 429-30 (internal quotation marks omitted).

Petitioner likens his statements to the statements in *Pollard*, 132 Or App at 548, in which we determined that because a detective's promises to the defendant made "sense only if [the detective] was promising treatment of [the] defendant's abusive propensities *in lieu* of prosecution," the defendant's subsequent confession was involuntary. But here, we agree with the post-conviction court that petitioner could not prove "that his belief that he was being promised leniency and reliance on that promise were reasonable." The officers' statements to petitioner that they would protect him were, as the post-conviction court stated, made "in the context of petitioner repeatedly expressing various

fears unrelated to a fear of criminal prosecution," and they were not conditioned on petitioner's confession. The record supports the post-conviction court's conclusion that petitioner did not prove that there was "a viable *Marshall* argument" that trial counsel should have pursued. Indeed, the post-conviction court found that petitioner was not credible when he claimed to have understood the officers to have promised leniency. For example, when petitioner testified at the motion to suppress hearing in the trial court, he did not indicate that the police had offered him leniency. The post-conviction court's "finding on petitioner's credibility binds us on appeal." *Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024). In addition, during the interrogation by the police of petitioner, he was *Mirandized* twice, and police provided him with food, drink, and time to sleep, which further supports the post-conviction court's determination that trial counsel did not fail to exercise reasonable professional skill and judgment when she did not move to suppress petitioner's statements as involuntary.

In any event, we note that the record supports the post-conviction court's determination that "[p]etitioner cannot establish that a motion to suppress based on this theory would have been successful." "To establish prejudice from a trial attorney's failure to make a motion, a petitioner must first establish that a would-be motion would have succeeded, and *then* demonstrate that that successful motion would have had a tendency to affect the ultimate outcome of the case." *Sutherland v. Fhuere*, 332 Or App 589, 591-92, 549 P3d 614, *rev den*, 372 Or 720 (2024) (emphasis in original). As discussed above, the record supports a conclusion that any argument to suppress petitioner's statements under *Marshall* would not have been successful because petitioner failed to establish that it was reasonable to understand the officers' statements as a promise of leniency, or that he relied on those statements when he made his confession. Thus, petitioner could not show that his trial counsel's failure to move to suppress on that basis caused him prejudice.

Affirmed.