504                    June 10, 2026                    No. 525

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRETT GEORGE KLENG,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV47233; A184031

W. D. Cramer, Jr., Senior Judge.

Argued and submitted February 19, 2026.

Corbin Brooks argued the cause for appellant. Also on the briefs was Equal Justice Law. Brett G. Kleng filed the supplemental brief *pro se*.

Colm Moore, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals a judgment that denied his petition for post-conviction relief. In a counseled brief, petitioner raises one assignment of error in which he argues that trial counsel was constitutionally inadequate and ineffective under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution when counsel failed to file a motion for judgment of acquittal because the state could not establish the element of forcible compulsion for first-degree unlawful sexual penetration and first-degree sexual abuse. In a *pro se* brief, petitioner raises seven additional assignments of error. We address all eight below and affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.* We briefly summarize the background facts and provide additional factual details in our analysis of each assignment of error.

In 2018, petitioner was charged with 18 counts of various sex crimes alleged to have been committed against three different minor victims. The main challenges in this appeal stem from petitioner's convictions for first-degree unlawful sexual penetration (ORS 163.411) and first-degree sexual abuse (ORS 163.427) based on evidence that, while massaging his stepdaughter F's injured leg, petitioner touched F's vaginal area under her underwear and penetrated F's vagina with his fingers. One of petitioner's *pro se* claims on appeal relates to his decision to enter an *Alford* plea[1] to Count 8 in the indictment related to conduct involving a different victim, which was set for a separate trial. After an unsuccessful appeal, petitioner sought post-conviction relief, raising several claims of inadequate and ineffective assistance of counsel. The post-conviction court denied relief, providing a written explanation on all of petitioner's claims. This appeal followed.

_____

[1] An *Alford* plea is a reference to *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970). "It is equivalent to a 'no contest' plea under ORS 135.335(1)(c)." *State v. B. J. P.*, 339 Or App 134, 138, 566 P3d 1187 (2025).

A petitioner claiming inadequate assistance of counsel under Article I, section 11, has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude[.]" (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 692, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

*Motion for judgment of acquittal*: In his counseled brief, petitioner argues that trial counsel was inadequate and ineffective when counsel failed to move for a judgment of acquittal on two counts because, he asserts, the state failed to prove the required element of forcible compulsion necessary to convict him of first-degree unlawful sexual penetration and first-degree sexual abuse. The post-conviction court denied this claim, reasoning that, on the record presented, "had a MJOA been made it would have been denied."

When the claim against counsel involves counsel's failure to file a particular motion, there is some overlap in the assessment of the performance and prejudice parts of the analysis. That is because the analysis ultimately depends on an assessment of the likelihood of success of the motion, had counsel filed it. Put another way, counsel will not be found to have "failed to exercise reasonable professional skill and judgment," *Trujillo*, 312 Or at 435, or provided representation "below an objective standard of reasonable representation," *Strickland*, 466 US at 688, unless the petitioner can demonstrate that counsel unreasonably assessed the strategic value of the motion, or that the motion was supported by existing case law that counsel unreasonably failed

to understand or be aware of. *Cf. Barnett v. Brown*, 319 Or App 257, 258-59, 509 P3d 748, *rev den*, 370 Or 197 (2022) (trial counsel not ineffective for failing to file a motion to suppress because counsel reasonably assessed that the strategic value of the motion was stronger for use in plea negotiations and reasonably decided not to file the motion when it led to a favorable plea offer that the petitioner wanted); *see also, e.g.*, *Delgado-Juarez v. Cain*, 307 Or App 83, 93, 475 P3d 883 (2020) (determining that counsel's decision not to request a limiting instruction constituted inadequate assistance because counsel's decision "reflected an erroneous or incomplete understanding of the law and did not reflect any evaluation of the costs and benefits of that decision; it therefore, did not follow appropriate consideration of the risks and benefits of her choice" (internal quotation marks and emphasis omitted)). Furthermore, "[t]o establish prejudice from a trial attorney's failure to make a motion, a petitioner must first establish that a would-be motion would have succeeded, and then demonstrate that that successful motion would have had a tendency to affect the ultimate outcome of the case." *Sutherland v. Fhuere*, 332 Or App 589, 591-92, 549 P3d 614, *rev den*, 372 Or 720 (2024) (emphasis omitted).

Here, petitioner would need to demonstrate that there was a reasonable likelihood that a motion for judgment of acquittal would have been granted; that is, that the trial court would have concluded that the state did not produce sufficient evidence from which a factfinder could find forcible compulsion. *State v. Marshall*, 350 Or 208, 227, 253 P3d 1017 (2011). Forcible compulsion is an element of both first-degree unlawful sexual penetration and first-degree sexual abuse. ORS 163.411; ORS 163.427. To prove forcible compulsion the state must demonstrate that

> "the physical force used by the defendant must be greater than or qualitatively different from the simple movement and contact that is inherent in the action of touching an intimate part of another. The force also must be sufficient to compel the victim, against the victim's will, to submit to or engage in the sexual contact. That is, there must be a causal connection between the sexual contact and forcible compulsion elements. However, the force need not be violent or dominating. Significantly, the force that is sufficient

to compel one person to submit to or engage in a sexual contact against his or her will may be different from that which is sufficient to compel another person to do so."

*State v. Nygaard*, 303 Or App 793, 798, 466 P3d 692, *rev den*, 367 Or 115 (2020) (internal quotation marks and citations omitted).

Evidence at trial indicated that during the encounter with F, she was sitting on a mattress on the floor in the corner of her bedroom with her back against the wall with petitioner sitting in front of her. At the time, F was 14. Petitioner, her stepfather, was older, taller, and heavier than she was. Petitioner began giving F a massage on her injured leg and then kept moving his hand closer to her vaginal area. Petitioner held one hand on the outside of F's thigh and with the other hand touched her vagina under her underwear and then used two fingers to penetrate her vagina with enough force that it hurt. F said no twice, but petitioner did not stop until F pushed his hands away and moved closer to the wall. Based on that evidence, a reasonable factfinder could conclude that used an amount of force "greater than or qualitatively different from" that required to simply touch or penetrate F's vagina, and that the amount of force used was "sufficient to compel" F to submit to the sexual contact against her will. *Id.* (internal quotation marks omitted). Thus, petitioner has not demonstrated any probability that a motion for judgment of acquittal on the issue of forcible compulsion would have been granted, if counsel had made it. The post-conviction court did not err when it denied relief on this claim.

*Motion to suppress*:  In his first *pro se* assignment of error, petitioner claims that the post-conviction court erred when it denied relief on his claim that counsel was inadequate and ineffective for failing to move to suppress the entirety of petitioner's police interview. The post-conviction court denied relief on this claim, determining that counsel established a "clear tactical basis for wanting [to admit] the interview into evidence," even though some parts of the interview could be considered harmful to petitioner's case. Specifically, counsel explained that he wanted the interview in evidence because it contained petitioner's repeated

denials of the alleged crimes without requiring petitioner to testify and be subject to damaging cross-examination. Tactical or "strategic" decisions "made after thorough investigation of law and facts" are "virtually unchallengeable." *Strickland*, 466 US at 690. Here, trial counsel's decision was an informed, strategic one and the post-conviction court did not err in denying relief on this claim.

*Vouching*: In his second and third *pro se* assignments of error, petitioner claims that the post-conviction court erred when it denied relief on his claims that trial counsel was inadequate and ineffective for failing to properly object to impermissible vouching testimony, including statements that petitioner made in his police interview that F was generally truthful and other statements that the police officers made during that interview.

The post-conviction court determined that petitioner's statements about F's truthfulness were admissible under OEC 608 and that counsel's decision to allow the statements "into evidence was an objectively reasonable trial strategy." The post-conviction court credited counsel's explanation as to his defense strategy; as the post-conviction court found, "the[] statements could be construed to show a caring concerned parent who did not want to attack his stepdaughters. That could have benefitted petitioner in the jury's eyes."

The post-conviction court reached a similar conclusion as to the detectives' statements; specifically, that counsel had established a "reasonably objective trial strategy" in consultation with petitioner. Counsel used the detective's statements to "show how outrageous they were in trying to get the petitioner to confess and how in the face of that [petitioner] consistently denied or said he couldn't remember." Although there was risk in the strategy, the post-conviction court determined that there was also benefit to petitioner's case.

Again, tactical, or "strategic" decisions "made after thorough investigation of law and facts" are "virtually unchallengeable." *Strickland*, 466 US at 690. Having reviewed the record, trial counsel's decision not to move to suppress the statements was an informed, strategic one and

the post-conviction court did not err in denying relief on this claim.

*Closing argument*: In his fourth *pro se* assignment of error, petitioner claims that the post-conviction court erred when it denied relief on his claim that counsel was inadequate and ineffective for failing to object to the prosecutor's improper closing argument; specifically, a comment on petitioner's decision not to testify and an improper propensity argument. The post-conviction court found as fact that the prosecutor did not comment on petitioner's decision not to testify and determined that the challenged argument was proper for a non-propensity purpose. Having reviewed the record, the post-conviction court correctly found that the prosecutor did not comment on petitioner's decision not to testify.

In addition, prior acts evidence is admissible if it is offered for a non-propensity purpose, its relevance does not depend on a propensity inference, and the probative value outweighs any unfair prejudice. *State v. Travis*, 344 Or App 496, 580 P3d 889 (2025), *rev allowed*, 375 Or 109 (2026) (describing the admissibility of certain other-acts evidence under OEC 404(4) and OEC 403). The state argued that the two independent disclosures proved that the two alleged victims did not fabricate their allegations against petitioner. The post-conviction court determined that that argument addressed the non-propensity purpose of establishing the motive and intent of the two alleged victims and that, as a result, it was not improper. Thus, the post-conviction court determined that petitioner did not demonstrate either inadequacy on the part of trial counsel or any resulting prejudice from the failure to object. The record supports the post-conviction court's rulings and petitioner did not demonstrate that the post-conviction court erred in denying relief on this claim.

*Jury poll*: In his fifth *pro se* assignment of error, petitioner claims that the post-conviction court erred when it denied relief on his claim that trial counsel was inadequate and ineffective for failing to request a unanimity instruction and a jury poll. The post-conviction court denied relief, citing *Smith v. Kelly*, 318 Or App 567, 569-70, 508 P3d

77 (2022), *rev den*, 370 Or 822 (2023), and *Mandell v. Miller*, 326 Or App 807, 808-09, 533 P3d 815, *rev den*, 371 Or 476 (2023), and that decision was correct. *Perkins v. Fhuere*, 332 Or App 290, 301, 549 P3d 25 (2024) (summarily rejecting identical argument under *Smith* and *Mandell*).

		*Involuntary plea*: In his sixth *pro se* assignment of error, petitioner claims that the post-conviction court erred when it denied relief on his claim that counsel was inadequate and ineffective for failing to ensure that his *Alford* plea to Count 8 in the indictment was knowing, voluntary, and intelligent. Count 8 formed the basis of a potential second trial, which was set to take place after petitioner's first trial, which ended with guilty verdicts on all counts. The post-conviction court denied relief, expressly finding trial counsel credible and petitioner not credible on the issue of their interactions regarding the plea. Those credibility findings are supported by the record and binding on our review. Given those findings, petitioner cannot demonstrate that the post-conviction court erred in denying relief on this claim.

		*Cumulative error*: In his seventh *pro se* assignment of error, petitioner claims that the post-conviction court erred when it denied relief on his claim that the cumulative effect of the errors at his trial resulted in a violation of his constitutional rights. Cumulative error is not an independent ground for relief in a post-conviction case. *Vega-Arrieta v. Blewett*, 331 Or App 416, 428, 545 P3d 746, *rev den*, 372 Or 763 (2024). The post-conviction court did not err in denying relief on this claim.

		Affirmed.